**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0625n.06

**No. 11-1312**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| HENRY JAMES WOODBURY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

> **FILED**
> **Jun 15, 2012**
> LEONARD GREEN, Clerk

Before: GUY and COOK, Circuit Judges; GRAHAM, District Judge.[*]

COOK, Circuit Judge. Henry James Woodbury appeals his convictions, following a conditional guilty plea, of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a). The district court sentenced Woodbury to 240 months in prison.

Woodbury pleaded guilty to the charge, admitting that he and a codefendant, Darnell Boyd, distributed a total of 280 grams of crack cocaine. He acknowledged that, although his Sentencing Guidelines imprisonment range was 151 to 188 months, he faced a statutory mandatory minimum sentence of 240 months. Woodbury's conditional plea retained his right to appeal the denial of his

---

[*]The Honorable James L. Graham, United States Senior District Judge for the Southern District of Ohio, sitting by designation.

motion to suppress the results of the search of his apartment on South Jackson Street in Jackson, Michigan. He waived his appellate rights in all other respects.

Woodbury joined a motion to suppress filed by his codefendant Boyd. The suppression motion argued that the search warrant for the South Jackson house was invalid because it purported to support a search for the entire building when the South Jackson house was in fact a two-apartment duplex. The motion contended that the two doorbells and two separate mailboxes outside the home's front door should have alerted the officers executing the warrant of its invalidity under the Fourth Amendment "because the officers should have been immediately aware that [the home] contained two apartments." The motion elaborated on the interior layout that the officers encountered at the house, explaining that the building's entrance opened into a common hallway with one door leading to a first-floor apartment and a stairway leading to a second-floor apartment. India Sims, a non-party, owned the residence in question, and no aspect of the record disclosed that Boyd occupied either unit at the address. The motion acknowledges that the property had just one address. And Exhibit C to the Government's Response to the motion to suppress describes the address as a "Residential Building," occupancy as "Single Family" and "Style" as "Duplex."

On appeal, Woodbury primarily relies upon this court's opinion in *Ramirez v. Webb*, 835 F.2d 1153 (6th Cir. 1987), and the Supreme Court's opinion in *Maryland v. Garrison*, 480 U.S. 79 (1987). *Garrison* dictates a two-step analysis for challenges to the execution of a search warrant: 1) examine

the validity of the warrant itself, and 2) examine the reasonableness of the manner by which the warrant was executed. *See Garrison*, 480 U.S. at 84.

The search warrant at issue here withstands constitutional scrutiny because it specifies a particular place to be searched: the residence at "XXX South Jackson Street," described as "a two story single family home." The warrant extends to "all lock boxes or safes within said residence [and a]ny and all out buildings, garages, and storage sheds located within the curtilage of the residence." The accompanying affidavit states that the probable cause for searching the residence stems from the conduct of Woodbury's co-defendant, Boyd. On two occasions over a six-day period, the affiant detective performed undercover controlled buys of heroin from Boyd. During each of these buys, the detective observed Boyd enter the residence through the front door and later walk out the front door carrying a plastic sandwich bag containing "an off white chunky substance" that tests showed to be cocaine. He then would sell that cocaine to the detective. Plainly, these observations supplied police with probable cause to believe that the South Jackson Street residence contained contraband.

Woodbury argues, however, that the police should have stopped the search and obtained a more specific warrant once they discovered that the South Jackson Street residence contained two living units. Woodbury is incorrect. The officers' observations of Boyd provided them with probable cause to believe that he obtained the cocaine from inside the house. That probable cause did not dissipate once police realized that the interior of the house, which their investigation indicated was a single-family residence, contained two living units. The critical fact remained: Boyd apparently

3

obtained illegal drugs from a residence owned and occupied by a third party located inside the front door of "XXX South Jackson Street." The warrant properly extended to separate structures within the curtilage of the residence, and the police did not err in relying on the warrant to conduct a search of the subunits within the residence itself.

In both *Ramirez* and *Garrison*, upon which Woodbury relies, the courts affirmed the reasonableness of the officers' conduct. *See Ramirez*, 835 F.3d at 1158; *Garrison*, 480 U.S. at 88-89. As the *Garrison* court explained, "the validity of the search of respondent's apartment pursuant to a warrant authorizing the search of the entire third floor depends on whether the officers' failure to realize the overbreadth of the warrant was objectively understandable and reasonable." *Garrison*, 480 U.S. at 88. Here, the warrant was not even overbroad, because probable cause extended to the entirety of the South Jackson Street property, including "all out buildings, garages, and storage sheds." The officers' decision to continue their search despite the internal subdivision of the residence into two units was, as in *Garrison*, "objectively understandable and reasonable."

If anything, the reasonableness of the police's conduct in this case appears even stronger than in *Garrison*, where the warrant provided for the search of both the person of Lawrence McWebb and his "third floor apartment." 480 U.S. at 80. Records available to the police in that case suggested that McWebb was the sole occupant of the third floor. *See id.* at 86 n.10. During their search, the investigating officers realized that the third floor of the building was divided into two apartments; McWebb occupied one and Garrison, who was not a subject of the warrant, occupied the other. *Id.*

at 80. By contrast, the officers here had no reason to believe that Boyd resided at the South Jackson Street residence at all; property records reflected ownership by a third party. All the police knew was that Boyd had entered the house in the midst of a controlled buy and exited with illegal drugs in hand. That sufficed to authorize a search of the entire property.

The determinative issue is not whether the police could have handled the search differently upon discovery of the division of the house. We decide only whether the warrant was constitutionally valid and its execution constitutionally reasonable under the circumstances. The search warrant described with sufficient particularity the place to be searched (the residence at "XXX South Jackson Street") and the items to be seized (controlled substances and related paraphernalia and proceeds). The facts stated in the affidavit establish probable cause to search the residence and surrounding curtilage. Under these circumstances, discovering upon execution that a "two story single family home," as specified in the warrant affidavit, contained two living units did not disturb the police's probable cause to search the entire property. The execution of the warrant thus did not violate the Fourth Amendment.

For these reasons, we affirm.

GRAHAM, District Judge, concurring in part and dissenting in part. Although I agree with the majority's conclusion that the search warrant was supported by probable cause and was valid when issued, I believe that this case should be remanded for an evidentiary hearing under *Maryland v. Garrison* on the issue of whether the execution of the warrant was overbroad.